IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAXTON NESLONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-407 |
| | § | |
| MIDWAY OILFIELD | § | |
| CONSTRUCTORS, INC. and | § | |
| BILLY A. SMITH, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In August 2018, Midway Oilfield Constructors, Inc., filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Under 11 U.S.C. § 362(a)(1), Midway's bankruptcy filing operated as an automatic stay. The court stayed the claims against Midway and ordered counsel for Braxton Nesloney and for Billy A. Smith to file statements advising whether the stay should extend to the claims against Smith. (Docket Entry No. 19). Nesloney states that there was no reason to permit a stay for the claims against Smith, but Smith argues that because he is the sole owner of Midway, the FLSA claims implicate Midway and a judgment against one would implicate the other. (Docket Entry Nos. 20–21).

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate.' " *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir.1987) (quoting 11 U.S.C. § 362(a)(3)). 1272–76 (5th Cir.1983) (staying fraudulent transfer claims against nondebtors under § 362). The § 362 stay does not automatically extend to the

1

debtor's codefendants. Courts must stay proceedings against a nondebtor defendant when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (5th Cir. 1986)); *Beran*, 747 F. Supp. 2d at 722–23. "[I]dentical allegations against the debtor and nondebtor defendants are an insufficient ground to extend the stay to nondebtors." *Beran v. World Telemetry Corp.*, 747 F. Supp. 2d 719, 724 (S.D. Tex.2010). "The Fifth Circuit has stated that a § 362 stay should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and nondebtors such that a judgment against one would in effect be a judgment against the other." *Id*. at 723–24 (citing cases). District courts may issue a stay when § 362 does not require it, if, "based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (citing *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983)).

Smith argues that because he "is the sole owner and president of Midway," a judgment against him "would affect, and likely be binding on Midway." (Docket Entry No. 21 at 3). He contends that Nesloney "will seek discovery of records and witnesses under Midway's possession, custody, [or] control" because the same FLSA liability applies to both Midway and Smith. (*Id.*). Nesloney does not dispute these points or explain why a stay as to his claims against Smith at this stage would prejudice his case. He instead states that he "is unaware of any facts or law that would prevent this matter from proceeding forward against" Smith. (Docket Entry No. 20 at 1).

2

The arguments that Smith is associated with Midway and that his conduct is the same as Midway's alleged conduct warrants an extension of the § 362 stay under Fifth Circuit precedent. If the claims against Smith proceed, Nesloney will seek to prove the same FLSA liability against Smith as he would against Midway. A judgment against Smith, who alleges that he is an officer and sole owner of Midway, would likely affect Midway's bankruptcy proceedings. The courts has the discretion to stay claims when, as here, they are "inextricably interwoven with the claims against the debtor." *Abrams v. Integrated Pro Servs., LLC*, No. 07-8426, 2015 WL 7458604, at *4 (E.D. La. Nov. 24, 2015) (quotation marks omitted). To require Smith to continue defending against the FLSA claims would, in effect, require Midway to defend those claims as well. The claims against the parties are "inextricably interwoven, presenting common questions of law and fact," and should be resolved in one proceeding. *Fed. Life Ins. Co. (Mut.) v. First Fin. Grp. of Texas, Inc.*, 3 B.R. 375, 376 (S.D. Tex. 1980).

The court stays the claims against the non-debtor defendant, Smith, until the bankruptcy court lifts the automatic state as to Midway. This case is administratively closed pending the lifting of the automatic stay against Midway. Either party may move to reinstate the case to the active docket within 14 days after the stay as to Midway is lifted.

SIGNED on October 22, 2018, at Houston, Texas.

---

Lee H. Rosenthal
Chief United States District Judge