United States District Court
Southern District of Texas
**ENTERED**
July 17, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAXTON NELSONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-407 |
| | § | |
| MIDWAY OILFIELD CONSTRUCTORS, | § | |
| INC. and BILLY A. SMITH, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Braxton Nelsoney sued Midway Oilfield Constructors, Inc. and its sole owner and officer, Billy A. Smith, alleging a failure to pay overtime wages under the FLSA. (Docket Entry No. 1). When Midway filed for Chapter 11 bankruptcy in August 2018, Nelsoney's claims against Midway and Smith were stayed. (Docket Entry Nos. 18, 19, 22). The stay order stated that either party could move to reinstate the case within 14 days after the bankruptcy court lifted the automatic stay as to Midway. (Docket Entry No. 22 at 3).

In April 2020, Midway's liquidation plan became effective and the automatic stay was lifted in the bankruptcy court. (Docket Entry No. 23-2 at 17; Docket Entry No. 23-3). Two months later, in June 2020, Midway and Smith moved to dismiss this litigation, arguing that Midway's bankruptcy plan required dismissal of Nelsoney's claims against both Smith and Midway, and that Nelsoney's failure to timely move for reinstatement was a separate cause for dismissal under Federal Rule of Civil Procedure 41(b). (Docket Entry No. 23). Nelsoney then moved to lift this court's stay and responded to the defendants' motion to dismiss. (Docket Entry Nos. 24, 25, 26). The defendants responded to Nelsoney's motion to lift the stay and replied to his opposition to the motion to dismiss. (Docket Entry Nos. 29, 30). The parties agree

that the bankruptcy plan requires dismissing the claims against Midway. (Docket Entry No. 25 at 2).

Because Nelsoney's failure to timely move does not present an egregious circumstance that itself warrants dismissal with prejudice, and because Midway's bankruptcy plan does not require dismissing the claims against Smith, the court grants in part and denies in part the defendants' motion to dismiss, and grants Nelsoney's motion to lift the stay. The reasons for these rulings are explained below.

The defendants first argue that Nelsoney's failure to timely move to reinstate the case requires dismissal. Federal Rule of Civil Procedure 41(b) allows a party to move for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Rule 41(b) dismissals "are affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." *Wash. v. Johnson*, 108 F. App'x 154, 156 (5th Cir. 2004) (quoting *Dorsey v. Scott Wetzel Servs.*, 84 F. 3d 170, 171 (5th Cir. 1996)). Dismissal "is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors," which include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 & n.5 (5th Cir. 1982).

Nelsoney's failure to move to reinstate by the court's deadline does not present an egregious circumstance that warrants dismissal with prejudice. The Fifth Circuit has affirmed dismissals only when a party failed to comply with court orders despite warnings that sanctions might result. *See, e.g.*, *Thanedar v. Time Warner Commc'ns of Hous., LLP*, 227 F. App'x 385

(5th Cir. 2007) (affirming the dismissal "[i]n light of [Plaintiff's] serially contumacious conduct"); *Beard v. Experian Info Sols. Inc.*, 214 F. App'x 459 (5th Cir. 2007) (affirming the dismissal on the grounds that the plaintiff "failed to comply with several court orders and failed to prosecute his case" after repeated warnings that failing to timely comply with the court's orders could result in sanctions, including dismissal); *Dorsey*, 84 F.3d 170 (affirming the dismissal after the plaintiff failed to timely file a joint pretrial order, appear for docket call, timely designate an expert, and appear at trial); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106–07 (5th Cir. 1987) (affirming the dismissal after the plaintiff had engaged in a "pattern of delay" for over two years "in the face of three warnings of dismissal").

Nelsoney explains his tardiness as an inadvertent calendaring error that occurred during the transition to remote working at the start of the COVID-19 pandemic. The defendants argue that Smith would suffer prejudice because he lacks access to Midway's employment records, but this appears be less about the two-month delay and more about Smith facing liability separate from the company. Nelsoney's delay is not egregious conduct that warrants the dismissal with prejudice the defendants seek.

Nor does Midway's bankruptcy plan require dismissing the FLSA claim against Smith. *Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281 (5th Cir. 2016), is instructive. In *Hernandez*, the Fifth Circuit reversed the district court's grant of summary judgment dismissing FLSA claims against a corporate officer. *Hernandez*, 628 F. App'x at 289. The plaintiff had originally brought FLSA claims against both the corporation and an officer, but the district court stayed the case when the corporation filed for bankruptcy. *Id.* at 283–84. After the bankruptcy court lifted the automatic stay, the corporate officer moved for summary judgment, arguing that the bankruptcy plan required dismissal of the claims against him. *Id.* at 284. The Fifth Circuit

reversed, holding that the plan's language was not specific enough to discharge a third party's liability. *Id.* at 288. The court noted that the plan's language did not include the officer by name. The court compared the language to that in an earlier case holding that "a party's status as an officer combined with boilerplate release language is not sufficiently specific" to discharge an officer's liability. *Id.* at 288 (citing *In re Applewood Chair Co.*, 203 F.3d 914, 919 (5th Cir. 2000)).

> Midway's bankruptcy plan states that:
>
> On the Effective Date, all lawsuits, litigations, administrative actions or other proceedings, judicial or administrative, in connection with the assertion of Claims against Midway, except Proofs of Claim and/or objections thereto pending in the Bankruptcy Court, shall be dismissed as to Midway. . . . Such dismissal shall be with prejudice to the assertion of such Claim in any manner other than as prescribed by the Plan. Such dismissal with prejudice shall only apply as to claims against Midway and shall not dismiss lawsuits and/or claims against non-debtor parties.

(Docket Entry No. 23-1 at 32). Not only is the plan language insufficiently specific to discharge Smith's liability, it states that dismissal "shall only apply as to claims against Midway and shall not dismiss lawsuits and/or claims against non-debtor parties." (*Id.*). Nelsoney's FLSA claims against Smith may proceed.

Nelsoney's motion for leave to file a motion to lift the stay, (Docket Entry No. 26), and his motion to lift the stay, (Docket Entry No. 24), are granted. The defendants' motion to dismiss, (Docket Entry No. 23), is granted in part and denied in part. Nelsoney's claims against Midway are dismissed. The claims against Smith may proceed.

SIGNED on July 17, 2020, at Houston, Texas.

                                                  Lee H. Rosenthal
                                      Chief United States District Judge